**YU, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 95–199.**

United States Court of Veterans Appeals.

Aug. 29, 1995.

Before FARLEY, MANKIN, and STEINBERG, Judges.

**ORDER**

PER CURIAM.

On February 27, 1995, the Secretary filed a "Notice to the Court of an Error in the Original Transmission of the Record". The Secretary stated that the July 1, 1993, record on appeal (ROA) contained edited or redacted copies of some of the appellant's records which had been submitted pursuant to an agreement between the appellant and a previous counsel for the Secretary. The Secretary asked that the Court resolve the record dispute prior to the Secretary's submission of his brief. On March 6, 1995, the Court in a single-judge order placed the case under seal. On March 9, 1995, the appellant filed a response to the Secretary's motion. On June 14, 1995, he filed an additional response to

the Secretary's February 27, 1995, pleading. In addition to the above responses, the appellant also filed correspondence with the Court on March 20, 1995, and April 27, 1995, which made reference to the redaction issue.

On June 29, 1995, the issue of whether an ROA in this Court should be allowed to contain redacted and/or edited records was submitted to a panel for decision.

 The Court has two express statutory mandates governing the ROA. Pursuant to 38 U.S.C. § 7252(b), review in the Court shall be on the "record of proceedings before the Secretary [of Veterans Affairs] and the Board [of Veterans' Appeals (Board)]." Pursuant to 38 U.S.C. § 7332, disclosure of personally identifying information concerning diagnosis, prognosis, or treatment relating to "drug abuse, alcoholism or alcohol abuse, [HIV] infection ... [,] or sickle cell anemia" is prohibited unless the veteran gives written permission. 38 U.S.C. § 7332(a)(1), (b)(1). An exception is authorized if (1) the Court makes a determination that disclosure of the information to the Court is necessary; and (2) the Court imposes appropriate safeguards against unauthorized disclosure of the information. *See* 38 U.S.C. § 7332(b)(2)(D). Under Rules 11 and 48 of this Court's Rules of Practice and Procedure, the Court may seal all or part of the ROA, either to shield records protected by 38 U.S.C. § 7332, or otherwise to prevent unauthorized disclosure of certain sensitive information. Sealing the record prevents disclosure of such confidential information to the public but not to the Court itself.

■ If the statutory mandate of 38 U.S.C. § 7252 is to be followed, the relevant records reviewed by the Court should be the same records that were before the Board and the Secretary. A redacted record is not the same. To the contrary, in a redacted record, information that may have (or may not but should have) influenced the Board and lower Department of Veterans Affairs (VA) decisionmakers might have been excised from the record, but the Court has no way of knowing what that information was. In adherence to section 7252, the Court holds that a record that was before the Secretary or the Board should be before the Court as part of the ROA in the same form as it was before the VA.

On consideration of the foregoing, it is

ORDERED that the Secretary transmit the unedited and unredacted ROA under seal within 15 days after the date of this order. It is further

ORDERED that the Secretary file his brief within 30 days after the date of this order.