YU, Appellant,

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–199.

United States Court of Veterans Appeals.

April 23, 1996.

Before FARLEY, MANKIN, and STEINBERG, Judges.

## ORDER

PER CURIAM.

On February 27, 1995, the Secretary filed a "Notice to the Court of an Error in the Original Transmission of the Record" in which he stated that the previously filed record on appeal (ROA) "contained edited or redacted copies of some of the appellant's records which had been submitted pursuant to an agreement between the appellant and a previous counsel for the Secretary." *Yu v. Brown,* 8 Vet.App. 184, 184 (1995). The Secretary noted that he had contacted the appellant, who was "adamantly opposed to having [the unredacted] records transmitted to the Court" and he "respectfully request[ed] the Court's guidance in this matter." Secretary's Memorandum at 2. The appellant responded to the Secretary's pleading.

In an August 29, 1995, per curiam order, the Court held that, under 38 U.S.C. § 7252(b), "the relevant records reviewed by the Court should be the same records that were before the Board [of Veterans' Appeals (BVA) ] and the Secretary. A redacted record is not the same." *Yu,* 8 Vet.App. at 185. The Court ordered "that the Secretary transmit the unedited and unredacted ROA *under seal* within 15 days after the date of this order." *Ibid.* (emphasis added). The appellant moved for panel reconsideration of this order, which was denied on October 29, 1995, and for en banc review, which was denied on December 14, 1995.

In a March 4, 1996, letter to the Court, the appellant, who is pro se, requested "a stay of all proceedings until after the appeal to the [Court of Appeals for the Federal Circuit (Federal Circuit) ]." In another submission to the Court of that same date, the appellant stated, "I would ask [the Court] in this motion if they [sic] would accept a mandamus." Finally, the Court "received" a submission from the appellant on March 21, 1996, in

which he stated that he "wishes to make an appeal to the Federal Circuit on a final decision of an issue brought before" this Court. The appellant also listed a number of matters he wants the Federal Circuit to review, most of which relate to the redaction issue.

▉ Regarding the March 4, 1996, letter in which the appellant requested "a mandamus" on the redaction issue, the Court will construe that submission as a request for extraordinary relief. "The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States District Court*, 426 U.S. 394, 402, 96 S.Ct. 2119, 2123, 48 L.Ed.2d 725 (1976). Before a court may issue a writ, a petitioner must demonstrate (1) a clear and indisputable right to the writ, and (2) a lack of adequate alternative means to obtain the relief sought. *See Erspamer v. Derwinski*, 1 Vet. App. 3, 9 (1990). Here, the appellant has not shown a clear and indisputable right to the writ. Moreover, since the redaction issue was decided in the ordinary course of this appeal, extraordinary relief is neither necessary nor appropriate. Therefore, the request for mandamus will be denied.

The appellant's other submissions discussed above implicate 38 U.S.C. § 7292, which provides, in pertinent part:

(a) After a decision of the United States Court of Veterans Appeals is entered in a case, any party to the case may obtain a review of the decision with respect to the validity of any statute or regulation . . . or any interpretation thereof . . . that was relied on by the Court in making the decision. Such a review shall be obtained by filing a notice of appeal [ (NOA) ] with the Court of Veterans Appeals within the time and in the manner prescribed for appeal to United States courts of appeals from United States district courts.

(b)(1) When a judge or panel of the Court of Veterans Appeals, in making an order not otherwise appealable under this section, determines that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that there is in fact a disagreement between the appellant and the Secretary with respect to that question of law and that the ultimate termination of the case may be materially advanced by the immediate consideration of that question, the judge or panel shall notify the chief judge of that determination. Upon receiving such a notification, the chief judge shall certify that such a question is presented, and any party to the case may then petition the Court of Appeals for the Federal Circuit to decide the question. That court may permit an interlocutory appeal to be taken on that question if such a petition is filed with it within 10 days after the certification by the chief judge of the Court of Veterans Appeals.

▉ The Court will construe the appellant's first March 4, 1996, submission and his March 21, 1996, submission collectively as a motion for certification to the Federal Circuit pursuant to 38 U.S.C. § 7292(b)(1) of the question whether or not records could be redacted or edited prior to being included in the ROA. So construed, the motion must be denied because the Court is unable to conclude that "the ultimate termination of the case may be materially advanced by the immediate consideration of that question." If the appellant were making the opposite argument, i.e., that the ROA failed to include relevant records, perhaps the termination of the appeal would be materially advanced by their inclusion, but that is not this case. Accordingly, the Court will deny the appellant's motion to follow the certification procedures of 38 U.S.C. § 7292(b)(1).

Also, for the purpose of filing only, the Court will construe the appellant's March 21, 1996, submission as an NOA to the Federal Circuit regarding the redaction issue, and the Court will direct the Clerk of this Court to mark that Notice filed as of March 21, 1996, the date it was received by the Court.

On consideration of the foregoing, it is

ORDERED that the appellant's construed petition for extraordinary relief is DENIED. It is further

ORDERED that the appellant's construed motion for the panel to notify the chief judge, in accordance with 38 U.S.C. § 7292(b)(1), of the existence of a "controlling question of law . . . with respect to which there is a substan-

tial ground for difference of opinion" which may materially advance the ultimate termination of this case is DENIED. It is further

ORDERED that the Clerk of this Court file the appellant's construed NOA to the Federal Circuit as of the date it was received by this Court, March 21, 1996. It is further

ORDERED that the appellant's motion for a stay of proceedings pending action by the Federal Circuit is GRANTED, and this matter is returned to the single judge in connection with further proceedings in this Court. The appellant and the Secretary need not file any documents in this Court until this Court takes further action after the Federal Circuit takes action with respect to the appellant's NOA.