**YU, Appellant,**

v.

**Togo D. WEST, Jr., Acting Secretary of Veterans Affairs, Appellee.**

**No. 95–199.**

United States Court of Veterans Appeals.

April 28, 1998.

Order Denying Reconsideration
May 21, 1998.

Before FARLEY, HOLDAWAY, and STEINBERG, Judges.

**ORDER**

PER CURIAM:

This case is before the Court on appeal of a September 23, 1992, Board of Veterans' Appeals (Board or BVA) decision concluding that the veteran had not presented new and material evidence to reopen his disallowed claims for service connection for a psychiatric disorder and for residuals of scarlet fever. The appellant has repeatedly and unsuccessfully sought to have the Court's review of the September 1992 BVA decision made on the basis of a redacted record on appeal (ROA). *See YU v. Brown,* 8 Vet.App. 184, 184–85 (1995) (per curiam order) (holding under 38 U.S.C. § 7252(b) that "a record that was before the Secretary or the Board should be before the Court as part of the ROA in the same form as it was before the [Department of Veterans Affairs (VA)]"). On February 18, 1998, the Court issued an order denying the appellant's motion to include in the ROA a January 12, 1998, letter from the Department of the Army Board for Correction of Military Records (BCMR); the Court de-

clined to revisit the redaction issue. The panel then ordered the Secretary to file his brief on the merits and returned the case to the single judge for further consideration and disposition when filings were complete.

On February 25, 1998, the appellant filed a motion for reconsideration by the panel of its February 18, 1998, order. The appellant refers to *United States v. Anderson*, 481 F.2d 685, 702 n. 19 (4th Cir.1973), *aff'd*, 417 U.S. 211, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974). The appellant also seeks a stay of proceedings in this Court, noting that he has pending before the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) a motion for that court's reconsideration of a December 22, 1997, decision by that court dismissing his appeal of a September 23, 1997, order by this Court declining further reconsideration of the redaction issue; he adds that he intends to seek review in the Supreme Court if the Federal Circuit denies his motion for reconsideration.

On March 9, 1998, the appellant filed a motion in which he asserts that he has suffered sexual harassment by the VA Office of the General Counsel regarding the redaction issue, requests an award of back-benefits and damages, and reiterates his motion for a stay. On March 20, 1998, the Secretary filed a motion for a stay of proceedings. On March 23, 1998, the appellant filed a pleading in which he informs the Court that the Federal Circuit had denied his motion for reconsideration of its December 22, 1997, decision, and he notes that he will not seek review by the Supreme Court. However, he states that he "anticipates" appeal to the Federal Circuit if the Court does not rule in his favor concerning the BCMR issue, and he seeks a decision on the sexual harassment issue. As to the BCMR issue, he states that he had never intended that the BCMR letter be included in the ROA; he argues that that letter bears upon the correctness of the Court's refusal to review the instant appeal upon a redacted ROA because that letter states that "the word 'homosexual' is not mentioned in [his] Report of Separation" and that "there is no indication that [he was] diagnosed as a homosexual". The appellant apparently also contends, relying upon *Anderson, supra*, that because the Secretary

agreed to a redacted ROA in 1993 he was estopped from reneging on that agreement and filing a revised, unredacted ROA with the Court in 1995. *See YU, supra.*

The Court notes that the material the appellant cites in *Anderson*—"[a]ny reference to material not in the agreed record for appeal, much less its inclusion in a brief filed with the Court, is both improper and censurable", *Anderson*, 481 F.2d at 702 n. 19—refers to a situation where defendants attached to their brief certain affidavits that were *not* part of the record on appeal. Thus, *Anderson* does not bear at all upon the proper composition of the ROA, which, in this case, is controlled by statute, 38 U.S.C. § 7252(b), and by the Court's decision in *YU, supra*, and thus the appellant's argument does not supply grounds for reconsideration of the Court's February 18, 1998, order. Indeed, *Anderson* provides support for the Court's February 18, 1998, order regarding the BCMR letter.

 As to the appellant's new claim relating to alleged sexual harassment, the Court possesses no jurisdiction over such a claim. *See* 38 U.S.C. §§ 7266(a), 7252(a); *In the Matter of Fee Agreement of Cox*, 10 Vet.App. 361, 366 (1997) (this Court "has jurisdiction to review VA adjudicative actions only under 38 U.S.C. § 7252(a) and pursuant to a final Board decision"); *see also Horowitz v. Brown*, 5 Vet.App. 217, 225 (1993) ("claimant seeking to appeal an issue to the Court must first obtain a *final* BVA decision on that issue"). To the extent that the appellant seeks an award of benefits on the merits of his appeal of the Board decision on appeal, the Court has no occasion to reach the merits of the appeal until all pleadings are complete; at this point, the Secretary's brief on the merits has not been filed, and the time for any reply by the appellant has thus not expired. This case is thus not ripe for consideration on the merits.

On consideration of the foregoing, it is

ORDERED that the appellant's motion for reconsideration of the Court's February 18, 1998, order is DENIED. It is further

ORDERED that the appellant's motion for a stay pending action by the Federal Circuit on the appellant's motion for that Court's reconsideration of its December 22, 1997, order is denied as moot. It is further

ORDERED that, insofar as the appellant has expressed an intent to appeal the Court's February 18, 1998, order and any decision on the sexual harassment issue, the Secretary's motion for a stay will be granted. It is further

ORDERED that, insofar as the Court has declined to reconsider the redaction issue and insofar as the appellant appears unwilling to proceed to the merits until he has exhausted all appeals on that issue, the stay granted by this order will continue until such time as the appellant notifies the Court of his willingness to proceed to the merits or until further order of the Court, and the Clerk of the Court will return to the appellant any pleading other than such a notification. The Court notes that the case now reverts to the single judge for further consideration at the appropriate time.

### ORDER

On May 4, 1998, the appellant filed a 13–page motion for reconsideration of the Court's April 28, 1998, order to the extent that it had ruled that the Court had no jurisdiction over a March 9, 1998, motion by the appellant relating to sexual harassment and seeking damages and back benefits. The Court has reviewed the appellant's motion.

On May 7, 1998, the Court received a 12–page pleading, which the appellant characterized as requesting an "Appeal to the Circuit". The text of the pleading indicates that the appellant seeks to appeal the Court's April 28, 1998, order to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit).

On consideration of the foregoing, it is

ORDERED that the appellant's May 4, 1998, motion for reconsideration is denied. It is further

ORDERED that the pleading received on May 7, 1998, will be considered by the Court as a Notice of Appeal to the Federal Circuit from the Court's April 28, 1998, denial of his

March 9, 1998, motion and as such will be forwarded to the Federal Circuit for consideration. It is further

ORDERED that the stay of proceedings in this Court imposed by the April 28, 1998, order will continue.