This version includes the errata dated 14Apr03-e

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-1127

STEVEN W. HOMAN,                                                    APPELLANT,

                    AND

No. 02-1128

JAIMEE M. HOMAN,                                                   APPELLANT,

                    V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                        APPELLEE.


Before FARLEY, IVERS, and GREENE, *Judges*.

## O R D E R

On February 11, 2003, the Court issued a precedential order holding that recent amendments to 38 U.S.C. § 7261 by the Veterans Benefits Act of 2002, Pub. L. No. 107-330, 116 Stat. 2820 (Dec. 6, 2002), did not require inclusion of the entire claims file as the record on appeal (ROA) before this Court. *Homan v. Principi*, 17 Vet.App. 1 (2003) (per curiam order). On February 14, 2003, the appellants, through their counsel, filed a motion for reconsideration or, in the alternative, a motion for en banc consideration, pursuant to Rule 35(b) and (c), of this Court's Rules of Practice and Procedure. On February 26, 2003, the Court denied the motion for reconsideration. The Court also determined that the question at issue was an interlocutory matter that was not subject to a motion for a full-Court decision.

On March 7, 2003, the appellants filed a motion for a determination by the panel that a controlling question of law exists involving the content of the ROA. They request that the panel notify the Chief Judge of this determination for purposes of certifying the question so that the appellants can take an appeal to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). The appellants contend that 38 U.S.C. § 7261, as amended, must now be read together with 38 U.S.C. §§ 7104(a) and 7252, to determine correctly the scope of the Court's review and the extent of its obligations, and therefore, the necessary content of the ROA. The appellants argue that because section 7104 requires the Board of Veterans' Appeals (Board) to review the "entire" record in the proceeding below, by its amendment of section 7261, Congress intended judicial review also to be of the "entire" record. The appellants acknowledge that the Court has expressly rejected their

argument regarding this question of statutory interpretation, but contend that review of their interpretation by the Federal Circuit should be made available.

The Court will construe the motion as a motion for interlocutory appeal under 38 U.S.C. § 7292(b). Pursuant to section 7292(b)(1)

> When a judge or panel of the Court . . . , in making an order not otherwise appealable under this section, determines that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that there is in fact a disagreement between the appellant and the Secretary with respect to that question of law and that the ultimate termination of the case may be materially advanced by the immediate consideration of that question, the judge or panel shall notify the chief judge of that determination.

38 U.S.C. § 7292(b)(1). When these conditions are met, the Chief Judge "shall" so certify a question to the Federal Circuit. *Id.* The Chief Judge's role is a solely ministerial one of making the certification to the Federal Circuit if he receives the requisite determination from a judge or panel of the Court. *See Bowey v. West*, 11 Vet.App. 188, 189 (1998).

The language of section 7292(b) was drawn from the federal interlocutory appeals provision of 28 U.S.C. § 1292(b). Under section 1292(b), the federal courts have used the certification authority sparingly and require the proponent of certification to bear the "heavy" burden of demonstrating the basis for the determinations necessary for a certification. *Bowey,* 11 Vet.App. at 189-90 and cases cited therein.

The appellants in the instant case bear a three-part burden. First, they must point to a controlling question of law. Second, they must show that there is in fact a disagreement between them and the Secretary on that question. Third, they must show that immediate consideration of the question will materially advance the ultimate termination of their case. *See* 38 U.S.C. § 7292(b)(1); *Bowey. supra.*

Although the appellants state their interpretation of the amendments to section 7261, and correctly note that there is a disagreement between them and the Secretary on whether these amendments require the Court to review the entire claims file as the ROA, they make no arguments demonstrating how immediate consideration of this question will materially advance the ultimate termination of their appeals.

The appellants remain free to counter designate (or supplement the ROA with) any relevant material that was actually or constructively before the Secretary and the Board for inclusion in the ROA and this Court's ultimate consideration in making a merits determination. Nothing in their motion demonstrates how immediate consideration by the Federal Circuit of their assertion that this Court is required to review the "entire" record, regardless of the relevance of material from that

record, will materially advance the ultimate termination of their appeals. The appellants have failed to carry their burden as required.

Upon consideration of the foregoing, it is

ORDERED that the appellants' construed motion for interlocutory appeal under 38 U.S.C. § 7291(b) is DENIED. It is further

ORDERED that the appeals are returned to the single judge for further proceedings.

DATED:     April 2, 2003                    PER CURIAM.