Cliff BONHOMME, Appellant,

v.

R. James NICHOLSON, Secretary of Veterans Affairs, Appellee.

No. 05-3314.

United States Court of Appeals for Veterans Claims.

April 12, 2007.

Before GREENE, Chief Judge, and HAGEL and LANCE, Judges.

**ORDER**

PER CURIAM:

On September 11, 2006, the appellant filed a "Motion for Remand to Consider New and Material Evidence" (Motion for Remand). In that motion, the appellant asked the Court to vacate and remand the October 5, 2005, decision of the Board of Veterans' Appeals (Board) on appeal on the basis that he had obtained new evidence that he wished the Secretary to consider. *See Bonhomme v. Nicholson,* 21 Vet.App. 40, 41 (2007). On February 16, 2007, the Court denied that motion after concluding that "granting the appellant's Motion for Remand would be inconsistent

with our role in the adjudication of claims for veterans benefits." *Id.* at 43.

On March 6, 2007, the Court received the appellant's "Opposed Motion for Certification of Order Dated February 16, 2007 Pursuant to 38 U.S.C. § 7292(b)(1)" (Motion for Certification). Section 7292(b)(1) of title 38 of the U.S.Code provides:

> When a judge or panel of the Court of Appeals for Veterans Claims, in making an order not otherwise appealable under this section, determines that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that there is in fact a disagreement between the appellant and the Secretary with respect to that question of law and that the ultimate termination of the case may be materially advanced by the immediate consideration of that question, the judge or panel shall notify the chief judge of that determination. Upon receiving such a notification, the chief judge shall certify that such a question is presented, and any party to the case may then petition the Court of Appeals for the Federal Circuit [(Federal Circuit)] to decide the question. That court may permit an interlocutory appeal to be taken on that question if such a petition is filed with it within 10 days after the certification by the chief judge of the Court of Appeals for Veterans Claims.

Based on the plain language of the statute, a nondispositive order must satisfy three requirements to be appropriate for certification to the Federal Circuit for an interlocutory appeal. First, the nondispositive order must be based on a legal determination appropriate for Federal Circuit review. *See* 38 U.S.C. § 7292(a), (d) (limiting Federal Circuit's jurisdiction to review of constitutional questions and questions of statutory or regulatory validity or interpretation); *Conway v. Principi,* 353 F.3d 1369, 1372 (Fed.Cir.2004) ("[W]hile we can review questions of law, we cannot review applications of law to fact."). Second, there must be "a substantial ground for difference of opinion ... with respect to that question of law." 38 U.S.C. § 7292(b). Finally, "the ultimate termination of the case may be materially advanced by the immediate consideration of that question." *Id.; see Yu v. Brown,* 9 Vet.App. 121, 122 (1996).

In this case, the first and third elements are satisfied. As to the first element, the Court's February 16, 2007, order is a general interpretation of law rather than an application of law to the specific facts of this case. As to the third element, granting an immediate remand without further development or argument would materially advance the ultimate termination of the case at the Court by obviating the need for any further effort by the Court or the parties. Hence, the question before us is whether there is a substantial ground for difference of opinion on the matter.

Before addressing this question, the Court notes that the appellant's brief uses an inaccurate paraphrasing of this requirement. He asserts that he merely needs to show "that there is in fact a disagreement between [himself] and the Secretary on that question." Motion for Certification at 2. This phrasing omits the "substantial ground for difference" language from the statute. The Court acknowledges that it used this paraphrasing in *Homan v. Principi,* 17 Vet.App. 58, 60 (2003). However, the issue in *Homan* was whether the appellants in that case had demonstrated the third element and the decision reached turned on the fact that the appellants in that case "ma[d]e no arguments demonstrating how immediate consideration of th[e] question [presented] w[ould] materially advance the ultimate termination of their appeals." *Id.* Accordingly, the sec-

ond element was not an issue decided by *Homan* and the manner in which *Homan* phrased that element is not binding precedent. *See Harms v. Nicholson,* 20 Vet. App. 238, 245 (2006) (en banc) (citing *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 38, 73 S.Ct. 67, 97 L.Ed. 54 (1952) (holding that an issue not "raised in briefs or argument nor discussed in the opinion of the Court" cannot be taken as "a binding precedent on this point")).

In reaching the conclusion that the phrasing in *Homan* is not binding we observe that ignoring the "substantial ground for difference" language eliminates much of the statute's gatekeeping role and would require certification of even the most frivolous of disputes if the other two criteria were satisfied. This would be contrary to our caselaw holding that the proponent of certification bears a heavy burden to demonstrate that it is justified. *Bowey v. West,* 11 Vet.App. 188, 189 (1998). We also observe that we have previously recognized that the text of 38 U.S.C. § 7292(b) is taken almost verbatim from 28 U.S.C. § 1292(b), which provides federal district court judges the ability to certify interlocutory appeals in cases before them. *Bowey,* 11 Vet.App. at 189. Caselaw from other courts applying 28 U.S.C. § 1292(b) clearly recognizes that demonstrating a "substantial ground for difference" is part of the burden of seeking certification under that statute. *See, e.g., Kapossy v. McGraw–Hill, Inc.,* 942 F.Supp. 996, 1001 (D.N.J.1996) (quoted in *Bowey,* 11 Vet.App. at 189). Accordingly, we conclude that the proper question is not merely whether there is a disagreement in fact between the appellant and the Secretary but rather whether there is a "substantial ground for difference" as to the disputed legal ruling.

 Although the Federal Circuit has jurisdiction over some interlocutory appeals allowed by 28 U.S.C. § 1292, as well as appeals from this Court under 38 U.S.C. § 7292, it does not appear that it has ever elaborated on the "substantial ground for difference" language. This would appear to be a result of the fact that, regardless of whether an interlocutory appeal presents a substantial question, the Federal Circuit retains absolute discretion to decline the appeal without a determination of whether the certification was proper. *See Nystrom v. TREX Co., Inc.,* 339 F.3d 1347, 1351 (Fed.Cir.2003) ("Acceptance of such appeal is also subject to the absolute discretion of this court, 'which may refuse to entertain such an appeal [even when certified by the district court] in much the same manner that the Supreme Court today refuses to entertain applications for writs of certiorari.'") (quoting *In re Convertible Rowing Exerciser Patent Litig.,* 903 F.2d 822 (Fed. Cir.1990)). Conversely, the Federal Circuit has also held that it lacks jurisdiction to hear an interlocutory appeal under 28 U.S.C. § 1292(b) if certification is not granted by the lower court. *See Aleut Tribe v. United States,* 702 F.2d 1015, 1019 (Fed.Cir.1983). Hence, it is not incumbent upon the Federal Circuit to review a finding that there is a substantial ground for difference and no jurisdiction to review a finding that such ground does not exist.

Absent controlling precedent from the Federal Circuit, we turn to persuasive authorities for guidance as to the proper interpretation of the "substantial ground for difference" requirement. Several important considerations emerge based on our review of cases interpreting 28 U.S.C. § 1292(b). "Mere disagreement, even if vehement, with a court's ruling on a motion ... does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal." *First Am. Corp. v. Al–Nahyan,* 948 F.Supp. 1107, 1116

(D.D.C.1996). Furthermore, "the mere fact that there is a lack of authority on a disputed issue does not necessarily establish some substantial ground for a difference of opinion under the statute." *Fed. Deposit Ins. Corp. v. First Nat'l Bank of Waukesha, Wis.,* 604 F.Supp. 616, 620 (D.C.Wis.1985). Rather, "a court faced with a motion for certification must analyze the strength of the arguments in opposition to the challenged ruling to decide whether the issue is truly one on which there is a substantial ground for dispute." *APCC Servs., Inc. v. AT & T Corp.,* 297 F.Supp.2d 101, 107 (D.D.C.2003).

■ In this case, the arguments of the appellant that we rejected in our prior order are not sufficiently strong to persuade the Court that there is a substantial ground for dispute. As we discussed in our prior order, the nature of this Court as an independent entity is beyond dispute, as is our congressionally mandated purpose to review Board decisions *for error. Bonhomme,* 21 Vet.App. at 43; *see Stallworth v. Nicholson,* 20 Vet.App. 482, 490 (2006) ("[T]he decision must be based on the record and law that existed at the time of the prior adjudication in question."). Adopting the appellant's argument would not be in keeping with the role of an appellate court regardless of how we may attempt to implement his purported entitlement to a remand based on new evidence. *Id.* at 43–44. Moreover, the cases cited by the appellant were distinguished in both fact and substance. *Id.* at 44–45. Hence, the appellant has not met " 'the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted.' " *Bowey,* 11 Vet.App. at 189 (quoting *White v. Nix,* 43 F.3d 374, 376–79 (8th Cir.1994)). The Court therefore determines that no "substantial ground for dispute" exists in the instant case sufficient to certify the issue for Federal Circuit review.

Upon consideration of the foregoing, it is

ORDERED that the appellant's Motion for Certification is DENIED.