# United States Court of Appeals for the Federal Circuit

05-7187

GLENN H. JACKSON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, Kansas, argued for claimant-appellant.

Todd M. Hughes, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, Donald E. Kinner, Assistant Director, and David B. Stinson, Attorney. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Ethan G. Kalett, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Lawrence B. Hagel

# United States Court of Appeals for the Federal Circuit

05-7187

GLENN H. JACKSON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:    June 1, 2006

_____

Before MAYER, BRYSON and DYK, <u>Circuit Judges</u>.

DYK, <u>Circuit Judge</u>.

Appellant Glenn H. Jackson ("Jackson") appeals the decision of the Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed the Board of Veterans' Appeals ("Board") decision denying entitlement to an effective date earlier than October 18, 2000, for a service connected low-back disability. Because we agree with the Veterans Court and the Board that the term "appellate decision" in 38 C.F.R. § 3.156(b) refers only to a decision by the Board, we affirm.

## BACKGROUND

Jackson served on active duty in the U.S. Army from June 1969 to December 1970. On September 10, 1996, he filed a request to reopen a previously disallowed claim for a service connected low-back disability. The regional office ("RO") denied the

request. Jackson appealed the decision to the Board, and the Board affirmed on November 10, 1998. The Veterans Court affirmed the Board's decision on July 25, 2000, and in a September 19, 2001, decision, we affirmed the decision of the Veterans Court. Jackson v. Principi, 265 F.3d 1366 (Fed. Cir. 2001); Jackson v. Gober, 17 Vet. App. 390 (Vet. App. 2000) (Table decision).

While the appeal was pending before our court, Jackson, on October 17, 2000, submitted new evidence to the regional office in another attempt to re-open the low back claim. Based on this new evidence, the regional office reopened his claim, but assigned an effective date of October 18, 2000. Jackson appealed the RO's decision to the Board, arguing that the RO should have assigned an effective date of September 10, 1996, the date on which he filed his original request to reopen because he filed his new evidence before this court rendered its decision. He relied on 38 C.F.R § 3.156(b), under which new and material evidence received prior to an "appellate decision" is "considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." The Board denied the earlier effective date because it interpreted the phrase "appellate decision" to refer only to a decision of the Board as opposed to a decision by the Veterans Court or our court. Accordingly, the "new and material evidence" filed on October 17, 2000 was not considered as having been filed in connection with the September 10, 1996, request to reopen, because it was submitted after the Board's November 1998 "appellate decision." J.A. at 2. If the Board had construed "appellate decision" to refer to this court's September 2001 decision, Jackson would have been entitled to the 1996 effective date.

Jackson appealed the Board's decision to the Veterans Court, arguing that the term "appellate decision" includes decisions by the Veterans Court and our court. The Veterans Court affirmed the Board's decision on July 1, 2005, reasoning that the history of the regulation, and the regulatory and statutory context in which it appears, shows that "appellate decision" referred only to a decision by the Board. **[JA 3-6]** On August 18, 2005, Jackson timely appealed. We have jurisdiction pursuant to 38 U.S.C. § 7292(a) and (c).

## DISCUSSION

The Board's jurisdictional statute, 38 U.S.C. § 7104(b) provides that "[e]xcept as provided in section 5108 of this title, when a claim is disallowed by the Board, the claim may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." Section 5108 requires the Secretary to reopen a claim "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed . . . ." 38 U.S.C. § 5108 (2000). 38 U.S.C. § 5110(a) provides that "the effective date of an award based on . . . a claim reopened after final adjudication . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor." 38 U.S.C. § 5110(a) (2000) (emphasis added). In Sears v. Principi, 349 F.3d 1326, 1330-31 (Fed. Cir. 2003), we upheld a Department of Veterans Affairs ("VA") regulation that treats a request to reopen for new and material evidence as the "application therefor" referred to in section 5110(a), and thus treats the date of the request to reopen as the effective date.[1]

---

[1] In contrast, a decision to reopen a claim based on clear and unmistakable error ("CUE") "has the same effect as if the decision had been made on the date of the

The regulation at issue here, section 3.156(b), provides in pertinent part:

New and material evidence received prior to the expiration of the appeal period, or prior to <u>the appellate decision</u> if a timely appeal has been filed (including evidence received prior to an appellate decision and referred to the agency of original jurisdiction by the Board of Veterans Appeals without consideration in that decision in accordance with the provisions of § 20.1304(b)(1) of this chapter), will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period.

38 C.F.R. § 3.156(b) (2004) (emphasis added). In other words, if a claim is reopened based on new and material evidence presented before an "appellate decision," the effective date of the claim will be the date of the original request to reopen. The term "appellate decision" is not defined in section 3.156(b) or elsewhere in title 38 of the Code of Federal Regulations. As the petitioner appears to concede, the language of the regulation is ambiguous as to whether the regulation is referring to an "appellate decision" of the Board or an "appellate decision" of the courts on judicial review. See Pet. Reply Br. at 4-6. We agree with the government that "appellate decision" in this regulation refers to the final appellate decision of the Board.

First, at the time the regulation was promulgated in 1961, the only appeal available within the veterans' benefits system was to the Board. See 26 Fed. Reg. 1561, 1570-71 (Feb. 24, 1961). Judicial review of Board decisions by the Veterans Court and the Federal Circuit was not made available until the 1988 enactment of the Veterans' Judicial Review Act. See 38 U.S.C. §§ 101, et. seq. Therefore, at the time section 3.156(b) was promulgated, "appellate decision" could only have meant a decision by the Board.

prior decision." 38 U.S.C. §§ 5109A(a), 7111(b) (2000); see Cook v. Principi, 318 F.3d 1334 (Fed. Cir. 2002) (en banc).

Second, Jackson concedes that the term "appellate decision" is used elsewhere in the regulations to refer to decisions of the Board.[2] Jackson has not cited any provision of title 38 in which the term "appellate decision" is used to refer a decision by an entity other than the Board, and we see no compelling reason that the term should have a different meaning in section 3.156 than it does elsewhere in the regulations.

Third, even within section 3.156(b) itself, the term "appellate decision" is used to refer to a Board decision. The parenthetical in section 3.156(b) provides that new and material evidence "includ[es] evidence received prior to <u>an appellate decision</u> and referred to the agency of original jurisdiction by the Board of Veterans Appeals without consideration in that decision in accordance with the provision of § 20.1304(b)(1) of this chapter . . . ." 38 C.F.R. § 3.156(b) (emphases added). "Appellate decision" within the parenthetical clearly refers to a decision by the Board. That is a strong indication that it carries the same meaning outside the parenthetical.[3]

---

[2]     <u>See</u> 38 C.F.R. § 19.9(a) (2004) (requiring Board to remand to agency if agency action is essential to appellate decision); 38 C.F.R. §§ 20.400-401(a) (2004) (providing that when a claimant joins an administrative appeal (by an official of the VA) the appellate decision on the merged appeal constitutes the final disposition of the claimants rights); 38 C.F.R. § 20.904 (2004) (permitting vacatur of appellate decision involving due process violations or submission of false or fraudulent evidence); 38 C.F.R. § 20.1000 (permitting Board reconsideration of appellate decision); 38 C.F.R. §§ 20.1104-1105 (2004) (providing that appellate decision which affirms agency determination subsumes the agency determination); 38 C.F.R. § 20.1201 (2004) (providing for amendment of appellate decision upon request under special circumstances); 38 C.F.R. 20.1301(a) (2004) (providing for disclosure of full text of appellate decision to appellants); 38 C.F.R. § 20.1304(a) (2004) (providing for change in representation, request for a personal hearing, or submission of additional evidence prior to appellate decision).

[3]     The petitioner concedes that the regulation to which the parenthetical refers, section 20.1304, uses "appellate decision" to refer to a Board decision. <u>See</u> Pet. Br. at 6-7.

Finally, the petitioner has failed to make a showing that the effective date of a claim should depend on the happenstance of the filing of an unsuccessful court appeal. Rather, we think that interpreting "appellate decision" to refer to Board decisions is consistent with the purpose of the statutory scheme. The purpose of the "new and material evidence" provision is to permit veterans to reopen their claims by submitting new and material evidence to the Department of Veterans Affairs ("VA"), which has the authority to reopen claims. Once the VA action has become final by the issuance of a Board decision, and the matter has been appealed to the Veterans Court, the VA loses jurisdiction over the request to reopen. See Graves v. Principi, 294 F.3d 1350, 1352 (Fed. Cir. 2002) ("[I]t may happen that a motion for reconsideration of a Board decision is filed after an appeal has been timely filed with the Veterans Court. In that situation, jurisdiction over the case already has passed to the Veterans Court.") (citing Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982)). The VA can reacquire jurisdiction only if the Veterans Court or this court remands the matter to the VA, or a new application to reopen is filed with the VA itself. If a case is remanded to the VA by either the Veterans Court or this court for further adjudication and the issuance of a new Board decision, and new and material evidence has been submitted while the case is still on appeal in the court system, the effective date of the claim may be measured by the date on which the request to reopen was first filed. Under these circumstances, the original proceeding has not been terminated.[4] But where, as here, the VA reacquires jurisdiction only by the filing of a new request to reopen, we think it would be

---

[4] We express no opinion as to whether, while the matter is on appeal to the court, a claimant could request a remand for the sole purpose of enabling the VA to consider the new evidence.

anomalous--absent some fault by the VA--to treat the newly filed request as having the effective date of the older (finally rejected) request, and we do not read the regulation as introducing such an anomaly into the system.[5]

## CONCLUSION

For the foregoing reasons, we agree with the Board and the Veterans Court that the term "appellate decision" in section 3.156(b) refers to a Board decision and not a subsequent judicial decision. The decision of the Veterans Court is affirmed.

## AFFIRMED.

## COSTS

No costs.

---

[5]  We note that the regulation does provide for a "retroactive" date in limited circumstances where, for example, records have been misplaced. 38 C.F.R. § 3.156(c). We need not decide in this case whether there are other situations (not encompassed by the regulations) in which errors by the VA would require an earlier effective date for a new and material evidence claim.