# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 02-1077

LIZZIE MAYFIELD,                                                    APPELLANT,

    V.

R. JAMES NICHOLSON,
SECRETARY OF VETERANS AFFAIRS,                                     APPELLEE.


Before GREENE, *Chief Judge*, and KASOLD and MOORMAN, *Judges*.

## O R D E R

In the May 23, 2002, decision on appeal, the Board of Veterans' Appeals (Board) determined that the notice requirements of 38 U.S.C. § 5103(a) had been satisfied. On April 14, 2005, this Court affirmed the Board's decision, holding, in part, that a predecisional document in the record not discussed by the Board satisfied the requirements of section 5103(a). *See Mayfield v. Nicholson*, 19 Vet.App. 103 (2005) [hereinafter *Mayfield I*]. On April 5, 2006, the U.S. Court of Appeals for the Federal Circuit (Federal Circuit) reversed *Mayfield I* and remanded the matter for further proceedings consistent with its decision. *See Mayfield v. Nicholson*, 444 F.3d 1328,1333-34, 1336 (Fed. Cir. 2006). The Federal Circuit instructed that, because the determination of whether the predecisional document satisfied the Secretary's notice obligation "was a substantially factual determination of the type that should have been made by the agency in the first instance," this Court "should have remanded the case to the Board." *Id.* at 1334-35 (also stating that "VA could have substantially complied with the VCAA by issuing a fully compliant section 5103 notification before readjudicating Mrs. Mayfield's claim").

In light of the Federal Circuit's determination that this Court made a factual finding from the record that should have been made by the Board in the first instance, the Court will remand to the Board the question of whether the appellant was provided preadjudicatory notice that fulfills the requirements of section 5103(a) and 38 C.F.R. § 3.159(b) (2005). *See id.* at 1336 ("As we have emphasized, whether Mrs. Mayfield received appropriate notice is an issue that should be addressed by the agency in the first instance, under the proper legal standard. That has not yet happened in this case."). The Court will retain jurisdiction. *Compare Zevalkink v. Brown*, 102 F.3d 1236, 1244 (Fed. Cir. 1996) (suggesting remand to Board of question whether third party qualifies as an accrued-benefits beneficiary), *and Erspamer v. Derwinski*, 1 Vet.App. 3, 11-12 (1990) (Court retains jurisdiction over petition for extraordinary relief in the nature of a writ of mandamus until it is determined whether the Secretary adhered to time lines for claim processing), *with Cleary v. Brown*, 8 Vet.App. 305, 307-08 (1995) ("the Court properly could not have retained jurisdiction over the *reversed* [Board] decision *while the matter was being readjudicated*" (emphasis added)). Given the limited nature of this remand, it is appropriate to set a response time. *See GAO v. GAO Pers.*

*Appeals Bd.*, 698 F.2d 516, 535-36 (D.C. Cir. 1983) (remanding for consideration of certain questions and setting 90-day response time); *Battle v. Anderson*, 594 F.2d 786, 793 (10th Cir. 1979) (retaining jurisdiction, remanding for additional factfinding, and directing response by specific date).

Upon consideration of the foregoing, it is

ORDERED that the matter is remanded for a limited purpose.  On remand, after affording the appellant an opportunity to be heard on the question of whether or not the notice under section 5103(a) and § 3.159(b) was sufficient, the Board shall determine whether or not the Secretary provided preadjudicatory notice that complies with the requirements of section 5103(a) and § 3.159(b).  Thereafter, the Board shall provide a supplemental statement of reasons or bases in support of its determination that notice was or was not sufficient.  It is further

ORDERED that the Secretary, not later than 60 days after the date of this order, provide the Court such supplemental statement of the Board.  Regardless of the outcome of the Board's determination on this question, the Board shall not take any further action beyond the response required by this order unless and until the Court relinquishes jurisdiction over the matter.

DATED:  June 15, 2006                                    PER CURIAM.