Cliff BONHOMME, Appellant,

v.

R. James NICHOLSON, Secretary of Veterans Affairs, Appellee.

No. 05–3314.

United States Court of Appeals for Veterans Claims.

Feb. 16, 2007.

Before GREENE, Chief Judge, and HAGEL and LANCE, Judges.

**ORDER**

PER CURIAM:

On September 11, 2006, the appellant filed a "Motion for Remand to Consider New and Material Evidence" (Motion for Remand) and a "Motion for Suspension of Rules Pursuant to Rule 2" until his other motion was decided. *See* U.S. VET.APP. R. 2. On October 25, 2006, the Secretary filed his opposition to the Motion for Remand.

On November 17, 2005, the appellant filed a Notice of Appeal (NOA) challenging an October 5, 2005, decision of the Board of Veterans' Appeals (Board), which determined that he had not submitted new and material evidence to reopen his claim for disability benefits for a psychiatric disorder. After the Board issued its 2005 decision and while the appellant's case was pending at the Court, the appellant obtained a medical opinion from a psychologist. Motion for Remand at 2, Exhibit B. The appellant now seeks remand of the matter on appeal for the Secretary to consider the new evidence that was not obtained by the appellant until after jurisdiction vested with the Court.

There is no question that the appellant has the right to have this new evidence considered in the adjudication of a claim for benefits. The law provides a clear method of reopening a claim based upon the presentation of new and material evidence after a claim has been disallowed. 38 U.S.C. § 5108. The issue before the Court is whether the submission of evidence proffered after a final Board decision provides sufficient justification to nullify the finality of that decision. We hold under the facts of this case that it does not.[1]

---

1. We express no opinion regarding whether a remand may be ordered to permit the Secretary to consider new evidence on the basis of a joint request under facts similar to those in *Cerullo v. Derwinski,* 1 Vet.App. 195 (1991).

In his Motion for Remand, the appellant seeks to preserve the filing date of his present claim to reopen for the purposes of assigning an effective date for any award of benefits that may result from his new evidence. Motion for Remand at 4. Section 5110(a) of title 38, U.S.Code, governs the assignment of an effective date for an award of benefits:

> [T]he effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

38 U.S.C. § 5110(a). The implementing regulation similarly states that the effective date shall be the date of receipt of the claim or the date entitlement arose, whichever is later, unless the claim is received within one year after separation from service. See 38 C.F.R. § 3.400 (2006). Thus, the effective date for any award based on the reopening of the appellant's claim must be based on the date of receipt of his claim to reopen. See 38 U.S.C. § 5110(a); *Flash v. Brown*, 8 Vet.App. 332, 340 (1995) ("[W]hen a claim to reopen is successful and the benefit sought is awarded upon readjudication, the effective date is the date of the claim to reopen."); 38 C.F.R. § 3.400(r). An appellant may submit new evidence to the Secretary while a claim is on appeal to this Court, but such evidence would constitute a new claim to reopen and would not entitle the appellant to an effective date based upon the date that the claim on appeal was received. *See Jackson v. Nicholson*, 449 F.3d 1204, 1208 (Fed.Cir.2006). However, if the Court were to remand the claim on appeal to the Board, then the Board would be required to consider the new evidence upon reconsideration of the claim on appeal and the appellant could potentially receive an effective date based on the claim that led to the current appeal. *See* 38 C.F.R. § 20.800, 20.1304 (2006).

The essence of the appellant's Motion for Remand is that he is *entitled* to a remand over the objection of the Secretary based on the existence of evidence that was not presented to VA during the adjudication of the claim, without regard to whether there was error in the Board decision being appealed. For the reasons stated below, the motion will be denied.

■ This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). Specifically, the Court's jurisdiction is governed by 38 U.S.C. §§ 7252(a) and 7266(a) and is limited to review of final decisions of the Board. *See* 38 U.S.C. § 7252(a) (the Court "shall have exclusive jurisdiction *to review* decisions of the [Board]") (emphasis added); 38 U.S.C. § 7266(a) ("In order to obtain review by the Court of Appeals for Veterans Claims" a claimant must appeal "a final decision of the Board."); *see also Maggitt v. West*, 202 F.3d 1370, 1375 (Fed. Cir.2000) ("[T]he jurisdiction of the Veterans Court by statute only reaches to a 'decision of the Board.'") (citing 38 U.S.C. § 7252(a)); *Urban v. Principi*, 18 Vet.App. 143, 146 (2004); *Hibbard v. West*, 13 Vet. App. 546, 548 (2000). Even our power under the All Writs Act, 28 U.S.C. § 1651(a), is limited to circumstances where an order of the Court would be based on our potential jurisdiction. *In re Fee Agreement of Cox*, 10 Vet.App. 361, 370 (1997), *vacated on other grounds*, 149 F.3d 1360 (Fed.Cir.1998).

■ The Court has the "power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate." 38 U.S.C. § 7252(a). Generally, to remand a matter to the Board, the Court must either determine that the Board erred in its decision or that merits of the Board decision are not properly before the Court. The Court may find error in a Board decision on appeal either by direct review or by concession of error by the Secretary. Review of a Board decision by the Court may be rendered unnecessary in instances where the appellant dies after filing a Notice of Appeal, *see Landicho v. Brown,* 7 Vet.App. 42 (1994); the Secretary expresses a desire to reconsider and replace the Board decision on appeal, *see Cerullo, supra* n. 1.; or an intervening change in law is applicable to a matter on appeal, *see Holliday v. Principi,* 14 Vet.App. 280 (2001). Finally, the Court may, in its discretion, find that review of the merits is premature because the appellant has raised a new argument or issue that was not expressly addressed by the decision and that is best considered by the Board in the first instance. *See Davis v. Nicholson,* 475 F.3d 1360, 1364–65, (Fed. Cir.2007) ("Court has authority to remand cases to the Board for further proceedings for further consideration of legal issues or for clarification of facts underlying a legal issue."); *McCormick v. Gober,* 14 Vet.App. 39, 45 (2000) (remand appropriate where it would "likely benefit the Court by producing 'a better record ... for appellate review of the agency decision' and, further, may result in the 'agency selfcorrect[ing] and amend[ing] its ways' ").

■ In this case, granting the appellant's Motion for Remand would be inconsistent with our role in the adjudication of claims for veterans benefits. Congress established this Court as a national appellate court of record; separate and distinct from the Department of Veterans Affairs, to provide judicial review of Board of Veterans' Appeal's decisions. It is the responsibility of the Agency to receive and seek evidence regarding a veteran's claim and to evaluate that evidence applying the laws set forth by Congress and the regulations promulgated by the Agency. A claimant has the right to one appellate review by the Secretary if the claimant disagrees with the initial determination on the claim. *See Disabled Am. Veterans v. Sec'y of Veterans Affairs,* 327 F.3d 1339, 1346 (Fed.Cir.2003) (finding that the Board is "primarily an appellate tribunal" and that consideration of additional evidence in the first instance denied appellants "one review on appeal to the Secretary" in violation of 38 U.S.C. § 7104(a)). That appeal is to the Board and the Board's decision represents the final Agency decision on the claim. *Jackson,* 449 F.3d at 1208 (interpreting "appellate decision" to be a decision of the Board under 38 C.F.R. § 3.156(b)). Once the decision is final, the right to submit new evidence on that claim ceases.

The authority of the Court, which—as noted above—is not part of the Agency, is limited to reviewing the correctness of the Agency's factual and legal conclusions based on the record before the agency *at the time of its decision.* Congress has provided a method for consideration of evidence submitted after this final decision. *See* 38 U.S.C. § 5108. Granting appellant's Motion for Remand based on his stated reasons would not be in keeping with our role as an appellate court. To do so would have to be based on one of two possibilities. Either we would have to examine the new evidence in the first instance and make a determination of whether it warrants a remand (essentially whether the evidence is material), or we would have to assume that any new sub-

mission entitles the appellant to a remand without regard to merit. In the first alternative, we would exceed our role as appellate body by conducting initial factfinding, which we may not do. *See, e.g., Mayfield v. Nicholson*, 444 F.3d 1328, 1335 (Fed.Cir. 2006) (factual determinations should be made by VA in the first instance); *Rogozinski v. Derwinski*, 1 Vet.App. 19 (1990) (Court has no power to consider evidence not in the record before the Board). In the second alternative, we would not be acting as an appellate deliberative body but rather as a mere procedural reset button where any appellant could obtain unlimited remands simply by submitting some new document to VA, which the Court would have to assume is relevant. *See NLRB v. Wyman–Gordon Co.*, 394 U.S. 759, 766 n. 6, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969) (stating that judicial review of an agency's action should not be converted into a "ping-pong game").

The appellant relies on footnote 4 of *Jackson v. Nicholson*, a recent opinion of the United States Court of Appeals for the Federal Circuit (Federal Circuit), which states: "We express no opinion as to whether, while the matter is on appeal to the court, a claimant could request a remand for the sole purpose of enabling the VA to consider the new evidence." 449 F.3d at 1208 n. 4. The appellant asserts that the type of automatic remand "suggested" by the Federal Circuit would be "more administratively streamlined." Motion for Remand at 4. For the reasons previously stated, and because we believe to do so would be inconsistent with the statutory scheme of adjudication of veterans benefits, we decline to accept appellant's invitation. To the extent that the appellant disagrees with the Secretary's interpretation of 38 U.S.C. § 5110 as affirmed by *Jackson,* his remedy lies with Congress, not this Court. *See Chevron U.S.A. Inc. v. Natural Res. Def. Council,*

*Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

The appellant also asserts that he "should not be penalized because he could not hire and compensate counsel earlier in the process." Motion for Remand at 5 (citing 38 U.S.C. § 5904). The Court is well aware of the statutory barrier that—until very recently—prohibited lawyers from charging a fee in a veterans benefits case prior to a final Board decision. 38 U.S.C. § 5904(c)(1) (West 2002). The Court also notes that this prohibition barred representation by *paid* counsel. *Id.* There was no prohibition against *being represented* by counsel. Further, representation is available without charge by many veterans service organizations who employ knowledgeable service officers to represent veterans. Appellant essentially argues, without factual support, that a paid representative, be it a lawyer or other specially trained person, will provide better service than a representative who provides services without charge. Although the inability to pay for counsel restricts the pool of representatives from whom claimants may choose, we do not believe such a situation requires us to grant appellant's motion. Remanding this matter simply to allow the appellant to try again with retained counsel would nullify the finality of the Agency decision and would amount to a judicial overruling of the policy chosen by Congress. *Cf.* Veterans Benefits, Health Care, and Information Technology Act of 2006, Pub.L. No. 109–461, § 101, 120 Stat 3403 (Dec. 22, 2006) (amending 38 U.S.C. § 5904 to allow claimants to retain compensated counsel after a Notice of Disagreement has been filed); *Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 n. 29, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (new rules of procedure are not a basis for a remand on appeal where the procedures then in effect were properly

followed at the time of the lower tribunal's decision).

The appellant's reliance on *Cerullo* to support his position is analogous to the matter at hand only to the extent that in *Cerullo*, we concluded that it would be inappropriate to allow one party to circumvent judicial review and indefinitely delay the process of adjudication in order to gain an advantage. 1 Vet.App. at 198–99. In *Cerullo*, we held that once an NOA has been filed, the Secretary may not divest this Court of jurisdiction by reconsidering the Board decision on appeal. *Id.* The appellant's argument in this case amounts to the same position we rejected when advanced by the Secretary in *Cerullo*, that VA may recall a Board decision after jurisdiction has vested in this Court through an appeal under 38 U.S.C. § 7252(a). *Cerullo*, 1 Vet.App at 198–199; *cf. Patterson v. Brown*, 5 Vet.App. 362, 364–65 (1993) (distinguishing decisions reviewing Board decisions from those reviewing the Chairman's decision to deny reconsideration). An appellant may also not divest this Court of jurisdiction merely by submitting new evidence that has no bearing on the correctness of the Board decision on review.

Finally, the appellant's reliance on our recent order in *Mayfield v. Nicholson*, 20 Vet.App. 98 (2006), is misplaced. In the remand decision preceding our order, the Federal Circuit held that the Court could not, in the first instance, consider a fact that was before the Board but not discussed. *Mayfield*, 444 F.3d at 1335. After the Federal Circuit remanded the case to this Court, we ordered a *limited* remand under that unique circumstance to permit the Board to make the necessary factual findings based on the evidence then in the record and to facilitate our review of the correctness of the Board decision previously appealed by requiring the Board to issue a supplemental statement of reasons or bases. *Id.* at 99. The limited remand in that case was not based on the proffer of new evidence but rather served to advance our statutory duty under 38 U.S.C. § 7252(a) to review a decision of the Board. It in no way served to circumvent review of the Board decision originally appealed. Any potential confusion on this point was avoided when the Court expressly forbade the Board from taking any action other than clarifying its original decision "unless and until the Court relinquishes jurisdiction over the matter." *Id.* Accordingly, in the Court's most recent decision in that case, the issue decided was the correctness of "[t]he May 23, 2002, decision of the Board, as supplemented by its August 8, 2006, finding." *Mayfield v. Nicholson*, 20 Vet.App. 537, 543 (2006). No evidence postdating the original Board decision in that case was considered by the Court's decision.

Upon consideration of the foregoing, it is

ORDERED that the appellant's "Motion for Remand to Consider New and Material Evidence" is DENIED. It is further

ORDERED that the appellant's "Motion for Suspension of Rules Pursuant to Rule 2" is DENIED as moot. It is further

ORDERED that within 45 days of the date of this order, the appellant shall file his opening brief.