# United States Court of Appeals
# for the Federal Circuit

---

**JAMES PERCIAVALLE,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1152

---

Appeal from the United States Court of Appeals for
Veterans Claims in No. 22-425, Judge Coral Wong Pietsch.

------------------------------------

**JAMES M. KERNZ,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1171

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-2365, Chief Judge Michael P. Allen, Judge Amanda L. Meredith, Judge Coral Wong Pietsch, Judge Grant Jaquith, Judge Joseph L. Falvey, Jr, Judge Joseph L. Toth, Judge Margaret C. Bartley, Judge Scott Laurer, Judge William S. Greenberg.

————————————————

Decided:  April 3, 2026

————————————————

JOHN D. NILES, Carpenter Chartered, Topeka, KS, argued for claimant-appellant James J. Perciavalle.

ADAM R. LUCK, GloverLuck, LLP, Dallas, TX, argued for claimant-appellant James M. Kernz.

MEREDYTH COHEN HAVASY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellees. Also represented by PATRICIA M. MCCARTHY; BRIAN M. BOYNTON, LOREN MISHA PREHEIM in 24-1152; ERIC P. BRUSKIN, YAAKOV ROTH in 24-1171; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————————.

Before DYK, HUGHES, and STARK, *Circuit Judges*.

STARK, *Circuit Judge*.

We address here two appeals involving slight variations of a generally shared scenario.  Each appellant-claimant sought review by the Board of Veterans' Appeals ("Board") of an unfavorable action by a Veterans Affairs ("VA") regional office ("RO").  The Board initially dismissed the appeals as untimely, but did so based on a clearly

erroneous miscalculation of a filing deadline.  After the affected claimants filed notices of appeal in the Court of Appeals for Veterans Claims ("Veterans Court"), seeking to reverse the erroneous dismissals and have their cases restored to the Board's active review docket, the Board recognized its error and unilaterally restored the claimants' cases to its docket, thereby providing the full extent of the relief the claimants were then seeking in their pending Veterans Court appeals.

The question these appeals present is whether, in such circumstances, the Veterans Court may dismiss the appeals before it as moot based on the Board's *sua sponte* grant of the entirety of the claimants' requested relief.  A divided Veterans Court held that it could do so.  The claimants appeal that determination, arguing that the filing of a notice of appeal to the Veterans Court immediately divests the Board of jurisdiction, thereby rendering void the actions taken by the Board during the pendency of the Veterans Court appeals.

For the reasons stated below, the claimants lack standing to pursue these appeals before this court.  We therefore lack jurisdiction and, accordingly, dismiss.

I

A

James M. Kernz served in the United States Army from 1968 until 1970.  In December 2016, a VA RO denied Mr. Kernz's claims for compensation for an aneurysm he alleged was caused by purportedly negligent VA medical care and for service connection disability benefits for depression, kidney failure, and residuals of a stroke.  On August 9, 2017, Mr. Kernz filed a notice of disagreement, thereby seeking Board review of the RO decision.  The RO issued a Statement of the Case ("SOC") maintaining its denial on December 18, 2019.  On January 17, 2020, Mr. Kernz timely appealed the RO decision to the Board via VA

Form 10182 ("10182 NOD"), which served as an election to opt-in to the Appeals Modernization Act ("AMA") system. *See* 38 CFR. § 3.2400(c)(2).[1] Mr. Kernz chose the evidence-submission option for his appeal, which provided him 90 days from the date his 10182 NOD was received by the Board to submit new evidence. *See* 38 U.S.C. § 7113(c)(2).

On March 24, 2020, the Board issued a letter stating that Mr. Kernz's appeal was untimely and dismissing it. According to the letter, Mr. Kernz needed to opt into the AMA system within either (1) 60 days of the date of the SOC or (2) one year of the date of the VA decision he was challenging, which the letter stated he failed to do. The Board was obviously incorrect, as Mr. Kernz satisfied the first of these options: he opted into the AMA system by submitting VA Form 10182 on January 17, 2020, which was less than 60 days after the December 18, 2019 SOC. *See* 38 C.F.R. § 3.2400(c)(2).

Mr. Kernz filed a timely notice of appeal ("NOA") to the Veterans Court. In his NOA, Mr. Kernz made clear that he was appealing the Board's March 24, 2020 letter order, which dismissed his Board appeal as untimely. This meant the only relief he was, or could be, seeking from the Veterans Court – and the only relief the Veterans Court could grant – was to remand his case to the Board and allow him to proceed there with his appeal from the adverse RO decision. While Mr. Kernz's appeal of the Board's erroneous

---

[1] Congress passed the AMA in 2017 to streamline the VA claims and appeals process, while also maintaining (for appeals filed prior to February 19, 2019) what are referred to as "legacy appeals." Pub. Law 115-55, 131 Stat. 1105 (Aug. 23, 2017). The AMA provides a veteran seeking to challenge a determination by an RO three options for Board review: docket review, evidence submission, and hearing.

dismissal of his appeal from the RO decision was pending in the Veterans Court, the Board acted *sua sponte* and, in two May 2020 letters, restored Mr. Kernz's case to the Board's active docket.

In the meantime, Mr. Kernz's Veterans Court appeal also proceeded. In particular, the government filed a motion asking the Veterans Court to dismiss the appeal because, in its view, the Board's March 2020 dismissal letter was not a final appealable decision. A three-judge panel of the Veterans Court heard oral argument on the government's motion on March 29, 2022. Thereafter, the motion was submitted to the en banc court, which heard argument on June 15, 2023.

On September 7, 2023, after the en banc hearing in the Veterans Court but before that court resolved the government's motion to dismiss, the Board remanded Mr. Kernz's claims to the RO. On October 4, 2023, while the RO was still processing the remand from the Board, the en banc Veterans Court issued a split decision dismissing Mr. Kernz's appeal as moot. The six-judge majority (Judges Pietsch, Allen, Meredith, Toth, Falvey, and Laurer) reasoned that, under the Article III framework the Veterans Court, an Article I tribunal, adopted in *Mokal v. Derwinski*, 1 Vet. App. 12, 15 (1990), Mr. Kernz's appeal was mooted by the Board's correction of its erroneous dismissal in May 2020. The Veterans Court did not, therefore, decide whether the Board's March 2020 letter was a final appealable order.[2]

---

[2] As the Veterans Court did not decide this issue, and because Mr. Kernz lacks standing, we likewise do not decide whether the March 2020 letter was an appealable order. We recognize that, during the pendency of this appeal, the Veterans Court decided in *Cardoza v. McDonough*, 37 Vet. App. 407 (2024), that the type of letter Mr. Kernz received in March 2020 constitutes a final and appealable

The majority explained that "[t]he only substantive issue on appeal to the [Veterans Court] – whether [Mr. Kernz's] VA Form 10182 was timely – has been fully resolved," adding that "[t]he Board's May 2020 actions provided th[e] precise relief" Mr. Kernz requested in his appeal to the Veterans Court. Kernz J.A. 10. "Therefore," the court concluded, "the appeal should be dismissed as moot." *Id.*

Three judges dissented. Chief Judge Bartley, joined by Judges Greenberg and Jaquith, took the view that the Veterans Court appeal was "not about mootness" but was, instead, "about the Board overstepping its jurisdiction and acting in utter disregard of a veteran's exercise of his right to judicial review." Kernz J.A. 20. Chief Judge Bartley's dissent emphasized the "unqualified transfer-of-jurisdiction rule," under which the filing of a notice of appeal to the Veterans Court forecloses any action by the Board during the pendency of the appeal. Kernz J.A. 21. This rule, Chief Judge Bartley explained, "is necessary to prevent agency interference with a veteran's statutory right to judicial review" and to "ensure the [Veterans Court's] independent exercise of review authority." *Id.* Another dissenter, Judge Jaquith, wrote separately to stress that any Board action after the filing of a notice of appeal is void; that is, a legal nullity that cannot be undone by subsequent judicial action. Kernz J.A. 27.

Mr. Kernz then appealed to us. During the pendency of our appeal, the government provided notice that, in the remand from the Board, the VA RO granted nearly all of the substantive claims Mr. Kernz had filed, denying only his claim for service connection for his kidney failure, a decision that is the subject of a separate, ongoing appeal.

---

order subject to review by the Veterans Court. *See also* Kernz ECF No. 56 (notice of supplemental authority).

B

James J. Perciavalle is a non-attorney, VA-accredited agent who is permitted to represent veterans before the VA. His appeal involves his claim to fees from a successful representation of a veteran who was ultimately awarded past-due benefits.

Mr. Perciavalle filed a claim for fees with a VA RO, seeking the 20% of the veteran's award to which he was, in his view, entitled under his fee agreement. On April 12, 2021, the RO denied Mr. Perciavalle's claim. Mr. Perciavalle then sought Board review by filing a 10182 NOD on the same day. On September 30, 2021, however, the Board issued an initial decision rejecting his appeal as untimely, due to an obvious miscalculation of his filing deadline. Mr. Perciavalle then filed a timely notice of appeal to the Veterans Court on January 21, 2022, from the Board's September 30, 2021 dismissal order.

On May 19, 2022, while Mr. Perciavalle's appeal was pending before the Veterans Court, the Board *sua sponte* reversed course on its earlier dismissal order and restored his case to the Board's active docket. Meanwhile, the government moved to dismiss Mr. Perciavalle's Veterans Court appeal as moot based on the Board's reversal of its dismissal order. While that motion was pending, the Board, on August 2, 2022, issued a decision finding Mr. Perciavalle eligible for the full 20% non-attorney fee he had requested. Subsequently, back in the Veterans Court, on August 30, 2022, court granted the government's motion to dismiss, concluding that Mr. Perciavalle's appeal was moot because the Board had already provided all the relief he could possibly obtain – the full 20% non-attorney fee – so even a favorable disposition in the Veterans Court could not give him anything more.

When Mr. Perciavalle moved for a three-judge panel to review the dismissal of his appeal, the Veterans Court instead stayed his appeal pending the en banc resolution of

*Kernz.* Once the en banc court's order dismissing *Kernz* issued on October 4, 2023, the Veterans Court granted Mr. Perciavalle's request for review by a three-judge panel, which then held that the decision in *Kernz* necessitated dismissal of Mr. Perciavalle's appeal. The court reasoned that a "reversal of the Board's May 19, 2022, decision would not provide him any more relief; it is not possible for the Court to order the Board to take jurisdiction over his claim for attorney fees when the Board has already done the same." Perciavalle J.A. 7. His timely appeal to us, in which he "asks this Court to overturn *Kernz*," followed. Perciavalle Open. Br. at 12.

II

We agree with the parties that these appeals are within our statutory jurisdiction to review veterans cases. Pursuant to 38 U.S.C. § 7292(a),(d)(2), our appellate jurisdiction to review decisions of the Veterans Court extends to issues of law and, only in cases in which a nonfrivolous constitutional question is presented, also to issues of fact and of application of law to fact. Here, in particular, the parties in both appeals agree that whether the Veterans Court properly dismissed these appeals is a question of law, which we review *de novo. See Andre v. Principi*, 301 F.3d 1354, 1358 (Fed. Cir. 2002); *Hudson v. Principi*, 260 F.3d 1357, 1362 (Fed. Cir. 2001).

While our appellate jurisdiction is unquestioned here, we have a continuing, independent obligation to assure ourselves of our subject matter jurisdiction. *See Nat'l Org. of Veterans' Advocs., Inc. v. Sec'y of Veterans Affs.*, 981 F.3d 1360, 1368 (Fed. Cir. 2020). Article III of the United States Constitution limits the judicial power to resolution of "cases" and "controversies." *See Monk v. Shulkin*, 855 F.3d 1312, 1316 (Fed. Cir. 2017) (holding that Article III limits courts' adjudicative authority to "actual and concrete disputes, the resolutions of which have a direct consequence on the parties"). Whether such a case or controversy exists

at the time the notice of appeal to this court is filed is the principal concern of the requirement of standing. *See Incyte Corp. v. Sun Pharm. Indus., Inc.*, 136 F.4th 1096, 1099 (Fed. Cir. 2025) ("An appellant must have standing at the time of filing its appeal. [An appellant] must therefore establish standing as of . . . the date it filed its notice of appeal.") (citing *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013)). Whether a case or controversy continues to exist throughout an appeal is the principal concern of the doctrine of mootness. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189-93 (2000) (explaining that avoiding dismissal for mootness requires that "'[t]he requisite personal interest that must exist at the commencement of the [appeal] (standing) . . . continue throughout [the appeal's] existence,'" subject to exceptions for certain conduct capable of repetition yet evading review and voluntary cessation by defendant) (quoting *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)).

The government argues that we lack jurisdiction over these appeals both because appellants lack standing to pursue them and because they are moot. We may address these jurisdictional issues in either order and, if either standing is missing or mootness is present, we need not address both. *See Friends of the Earth, Inc.*, 528 U.S. at 180 (deciding standing before addressing mootness issue); *Arizonans for Off. English*, 520 U.S. at 66-67 (assuming standing *arguendo* and dismissing for mootness). Here we choose to resolve the appeal on standing without determining if mootness also deprives us of jurisdiction.

To demonstrate standing, an appellant must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). An appellant lacks standing to appeal where, for instance, the decision he seeks to appeal did not affect him "in a personal and individual way," *Hollingsworth*, 570 U.S. at 705-06

(internal quotation marks omitted); that is, where the appellant "lack[s] a legally cognizable interest in the outcome" of the appeal, *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). This includes circumstances where an appellant "no longer had any injury to redress" once the tribunal under review issued the appealed-from decision. *Hollingsworth*, 570 U.S. at 705.

For the reasons we explain below, Mr. Perciavalle and Mr. Kernz lack standing to pursue their respective appeals before our court. Therefore, the parties have no remaining case or controversy and we lack jurisdiction. Thus, we dismiss both appeals.

## III

All of the issues presented in Mr. Perciavalle's appeal are also presented in Mr. Kernz's, so we will first address Mr. Perciavalle's appeal. Then we turn to the additional issues arising solely in Mr. Kernz's case.

## A

Mr. Perciavalle lacks standing because even a completely favorable disposition of his appeal to us would not provide him with any effectual relief beyond what he already obtained from the Board by its post-notice of appeal actions. There is no additional relief we can provide him that he has not already received. Thus, he has no injury we can redress in this appeal and, therefore, he has no standing. Accordingly, we must dismiss.

Mr. Perciavalle insists he has standing because the Board's unilateral actions following his filing of an NOA from the Board's dismissal order are void, and not merely voidable. To Mr. Perciavalle, then, the Board's exercise of jurisdiction during the pendency of his Veterans Court appeal "is a legal nullity" that we must treat as if it never happened. His position is predicated on the view that 38 U.S.C. § 7252's grant of "exclusive jurisdiction" to the Veterans Court means that once an NOA has been filed in

that court, the Board has no jurisdiction to act until the conclusion of the appeal. *See* 38 U.S.C. § 7252(a) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals."). If, as Mr. Perciavalle requests, we treat the Board's post-NOA actions as void, then the Board's award of the full 20% non-attorney fee Mr. Perciavalle seeks is void, and we *are* capable of providing him relief because the Board's dismissal ruling still stands.

The problem for Mr. Perciavalle is that there is simply no effectual relief we can provide him that he has not already received from the Board – and, hence, he lacks a cognizable injury in fact that is "likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338. Our dismissal of his appeal preserves his victory at the Board, where his appeal from the RO was not only restored to the Board's docket; he was also subsequently granted the full 20% fee to which he claims to be entitled. If, instead, we were to reverse the Veterans Court, as Mr. Perciavalle asks us to do, the result would be, at best, an order remanding to the Veterans Court to remand to the Board with instructions that the Board correct its untimeliness error and then undertake additional proceedings. This would not provide effectual relief for a particularized injury in fact. Mr. Perciavalle may consider himself harmed by the Board ignoring its jurisdictional mandate; however, because he received all the substantive relief he requested prior to filing his appeal to this court, this perceived injury is insufficient to confer standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 572-73 (1992) (allegations an agency did not follow "a procedural requirement" are insufficient to confer standing if plaintiff fails to allege "discrete injury flowing from that failure").

Mr. Perciavalle warns that failing to vacate the Veterans Court's dismissal of his appeal will lead to "procedural chaos," allowing the Board to exercise "dual or concurrent jurisdiction" and thereby usurp the Veterans Court's

"exclusive" authority over veterans' claims following the fil-ing of an NOA from a Board decision. Perciavalle Open. Br. at 32-33. We are not persuaded. We are not approving "dual or concurrent jurisdiction." To the contrary, we agree with Mr. Perciavalle that the Board and the Veterans Court cannot simultaneously possess jurisdiction over the same claim. When a veteran wishes to challenge a Board decision, the veteran's "exclusive" judicial forum for such a challenge is, as Mr. Perciavalle rightly asserts, the Veter-ans Court. *See* 38 U.S.C. § 7252(a). And, indeed, when the Board acted to correct its erroneous timeliness determina-tion here, it lacked jurisdiction to do so under Veterans Court precedent. *See Cerullo v. Derwinski*, 1 Vet. App. 195, 196, 198-201 (1992) (holding Board had no jurisdiction to order reconsideration of its decision after veteran filed NOA with Veterans Court).[3] All our dismissal of Mr. Per-ciavalle's appeal means is that we cannot, on the record be-fore us, provide redress because he already received all the relief he could potentially obtain from us.

Mr. Perciavalle insists that dismissal here is incon-sistent with our decision in *Zenith Electronics Corp. v. United States*, 884 F.2d 556 (Fed. Cir. 1989). We disa-gree, as *Zenith* involved an appeal in which the appellant had not yet received the full relief it was seeking in a then-pending appeal, which left it possible that we might pro-vide effectual relief (and redress some remaining injury) in the form of a favorable decision. *See Zenith*, 884 F.2d at 559, 563 (affirming Court of International Trade injunction prohibiting Department of Commerce from amending

---

[3] The rule announced in *Cerullo* is consistent with the general principle that an adjudicatory body may not act on a matter once its judgment has been appealed to a review-ing tribunal. *See Jackson v. Nicholson*, 449 F.3d 1204, 1208 (Fed. Cir. 2006); *see also Griggs v. Provident Con-sumer Disc. Co.*, 459 U.S. 56, 58-59 (1982).

results of administrative review during appeal where Commerce sought only to correct clerical errors and not to provide appellant the entire substantive relief it was seeking); *see also* Kernz J.A. 11-16 & n.107 (distinguishing *Zenith* on these same grounds). *Zenith*, therefore, addressed materially distinguishable circumstances.

Mr. Perciavalle does not have standing to pursue this appeal. We must, therefore, dismiss it.

B

All that we have said in explaining why Mr. Perciavalle's appeal must be dismissed applies as well to Mr. Kernz's appeal. Because Mr. Kernz's circumstances differ from Mr. Perciavalle's, albeit in a manner we deem immaterial to the standing question, and because he raises arguments that Mr. Perciavalle does not, we address Mr. Kernz separately.

1

The principal factual distinction Mr. Kernz attempts to draw between his appeal and Mr. Perciavalle's is that while Mr. Perciavalle might be viewed as having received from the Board the entirety of the relief he seeks – since the Board's post-NOA action granted him the full 20% non-attorney fee he claims – the Board has not granted Mr. Kernz the entirety of the relief he is seeking. Mr. Kernz points to two components of his claim on which he has not, to date, prevailed: (a) clarity and confirmation as to the "evidentiary window" available to him on remand, and (b) service connection disability benefits for kidney failure. Mr. Kernz claims that these factual distinctions make a legal difference because they demonstrate that a live controversy exists between him and the Secretary. These aspects of Mr. Kernz's case, however, do not alter our conclusion that he lacks standing to press his appeal.

a

Mr. Kernz contends that because the Board's correction of its error with respect to timeliness led to "confusion" regarding the proper period during which he could submit new evidence pursuant to 38 U.S.C. § 7113, there is a case or controversy for us to resolve. We disagree, however, because this argument does not account for the fact that the only issue properly presented to the Veterans Court in Mr. Kernz's NOA was the timeliness of his Board appeal.

As noted above, § 7113 provides a veteran like Mr. Kernz, who chooses the AMA's "evidence submission" pathway for review, a period of 90 days from the date his Form 10182 NOD is received by the Board in which to submit new evidence that the Board must then consider as part of his appeal. According to Mr. Kernz, when the Board unilaterally restored his case to its active docket it created "confusion" as to whether the evidentiary window was open and, if so, when it would close. Even worse, he continues, ultimately the Board decided not to accept any of his new evidence. He has a live case or controversy, he posits, because he needs a judgment from the Veterans Court or this court directing the Board to consider his new evidence and to limit the new evidence to "the evidentiary record *he* selected." Kernz Reply Br. at 26.[4]

The Veterans Court declined to address the new evidence issue because the only issue presented by Mr. Kernz's NOA was the timeliness of his appeal to the

---

[4] At oral argument, counsel added that Mr. Kernz was harmed because he wants to exclude certain evidence the government submitted, although he admits that this issue could be the subject of a subsequent notice of appeal to the Board, the Veterans Court, and this court. Oral Arg. at 5:02-5:45.

Board.[5] Mr. Kernz has no standing to pursue that timeliness issue on appeal in this court because Mr. Kernz has already received the entirety of the relief he could have hoped to be granted by prevailing in this appeal.

Any "confusion" as to the window for Mr. Kernz to submit new evidence, or any challenge Mr. Kernz may wish to press with respect to the Board's subsequent refusal to consider Mr. Kernz's new evidence, was not raised in his NOA to the Veterans Court and, hence, was not part of Mr. Kernz's appeal to this court. As the Veterans Court correctly observed, "[t]he only substantive issue on appeal to the [Veterans Court] – whether [Mr. Kernz]'s VA Form 10182 was timely – has been fully resolved." Kernz J.A. 10. Issues that are not actually presented in an appeal cannot give rise to a live case or controversy. Since the only issue presented to the Veterans Court was resolved by the time the Veterans Court ruled in Mr. Kernz's appeal, we must dismiss his appeal. If Mr. Kernz wishes to appeal the evidence-related issues he has raised with us, he will need to do so via another appeal.[6]

b

Mr. Kernz additionally suggests that his appeal presents a live case or controversy because the Board's post-NOA actions did not grant the entirety of his claims for service connection disability benefits. Although the Board

---

[5] Mr. Kernz's NOA to the Veterans Court is not part of our record, but can be found as the first docket entry in the Veterans Court docket sheet. *See* J.A. 32.

[6] Counsel for Mr. Kernz, as well as government counsel, expressly agreed that Mr. Kernz has other appellate options to press these issues. Oral Arg. at 3:55-6:10, 20:57-22:02.

corrected its erroneous dismissal of his appeal from the RO, and granted him service connection for several disabilities (aneurysm, depression, residuals of stroke), it denied his claim for service connection for kidney failure. Thus, unlike Mr. Perciavalle, whom as far as the record reveals has no active dispute with any part of the VA, Mr. Kernz is still litigating against the Secretary over whether he is entitled to additional disability benefits.

This distinction makes no difference as to whether Mr. Kernz has standing to litigate the current appeal before us. The merits of Mr. Kernz's claim for kidney failure service connection disability benefits was not the subject of the Board's March 24, 2020 order erroneously dismissing his Board appeal and, hence, was not an issue before the Veterans Court. Nor is it an issue presented in Mr. Kernz's appeal to us.[7]

2

Mr. Kernz points out that when Congress enacted the AMA, it made no provision for concurrent "dual plenary jurisdiction" in the Board and the Veterans Court. It follows, according to Mr. Kernz, that Congress expressed its approval for the Veterans Court holding in *Cerullo*, 1 Vet. App. at 196-97, which rejected such "dual jurisdiction." This argument was waived, as Mr. Kernz did not raise it until his reply brief. *See Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1296 (Fed. Cir. 2021) ("[I]ssues not addressed in the argument section of a party's opening brief are considered waived."). In any event, as we explained

---

[7] As with his challenge to the Board's handling of the "evidentiary window" issue, Mr. Kernz may still have appellate rights with respect to the Board's denial of his claim for kidney failure service connection. Our decision today in no way impacts whether those rights remain available to him.

above, *see supra* III.A, neither we nor the Veterans Court is approving any such "dual jurisdiction," and our decision does not disturb the Veterans Court's jurisprudence, including *Cerullo*, establishing the general rule the Board does not have authority to alter a judgment while that judgment is pending appeal before the Veterans Court.

## IV

We have considered Mr. Perciavalle's and Mr. Kernz's remaining jurisdictional arguments and find they lack merit. Appellants lack standing to appeal to this court. Accordingly, their appeals are dismissed.

### DISMISSED

### COSTS

Each party to bear its own costs.