NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHNNIE CLEMENTS,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7111

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3865, Judge Lawrence B. Hagel.

---

Decided: January 13, 2011

---

JOHNNIE CLEMENTS, of Columbia, South Carolina, pro se.

JOSHUA E. KURLAND, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARK A.

MELNICK, Assistant Director. Of Counsel on the brief were DAVID J. BARRANS, Deputy Assistant General Counsel, and JONATHAN E. TAYLOR, Attorney, United States Department of Veterans Affairs, of Washington, DC.

_____

Before LINN, SCHALL, and DYK, *Circuit Judges.*

PER CURIAM.

### DECISION

Johnnie Clements appeals the April 16, 2010 final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the decision of the Board of Veterans' Appeals ("Board") dismissing his claim for service connection for allergies and hay fever and denying his claims for service connection for diabetes mellitus type II, bilateral lower extremity neuropathy (claimed as bilateral lower extremity swelling and cramping), and a skin rash. *Clements v. Shinseki*, No. 08-3865 (Vet. App. Apr. 16, 2010). We *dismiss* for lack of jurisdiction.

### DISCUSSION

### I.

Mr. Clements served on active duty in the U.S. Air Force from June of 1970 to March of 1974. He filed various claims with the Department of Veterans Affairs Regional Office ("RO") in April of 2005 and January of 2006. After the RO denied these claims, Mr. Clements appealed to the Board. While his appeal was pending before the Board, Mr. Clements withdrew his claims for service connection for allergies and hay fever and for service connection for an eye condition, hypertension, kidney infection, a bilateral foot disability, and an ear, nose, and throat disability. Subsequently, in October of

2008, the Board denied Mr. Clements's claim of entitlement to service connection for diabetes mellitus type II, bilateral lower extremity neuropathy (claimed as bilateral lower extremity swelling and cramping), and a skin rash. *In re Clements*, No. 07-20 295, slip op. at 7-9 (Bd. Vet. App. Oct. 6, 2008). The Board also dismissed the claims which had been withdrawn in the course of the appeal. *Id.* at 3, 9.

On appeal to the Veterans Court, Mr. Clements challenged the Board's denial of his claims for service connection for diabetes mellitus type II, neuropathy, and a skin rash, as well as its dismissal of his claim for service connection for allergies. In its April 16, 2010 final decision, the Veterans Court affirmed the Board's decision. This appeal followed.

## II.

This court's ability to review a decision of the Veterans Court is limited. Pursuant to 38 U.S.C. § 7292(a), we may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We have exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under [38 U.S.C. § 7292], and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). However, except to the extent that an appeal from a decision of the Veterans Court presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

On appeal, Mr. Clements does not raise any arguments as to why the decision of the Veterans Court is incorrect. Rather, he appears to claim that evidence in his service medical record supports his claims of service connection. Clearly, however, this claim presents a factual contention that is beyond the scope of our jurisdiction under 38 U.S.C. § 7292(d)(2).

Mr. Clements also appears to contend that he has obtained evidence supporting his claims that was not previously before the Board or the Veterans Court. Aside from the fact that this claim of new evidence does not point to error in the decision of the Board or the Veterans Court, it turns on facts and thus is beyond the scope of our jurisdiction. However, Mr. Clements is not without a remedy. If he believes he has new evidence in support of his claims of service connection, he may file with the RO a request to reopen his claims. *See* 38 C.F.R. § 3.156(a). If the new evidence consists of official service department records that existed but were not associated with Mr. Clements's claims file when his claim was decided, which Mr. Clements seems to allege, and if those records establish entitlement to benefits, Mr. Clements may be entitled to benefits retroactive to the date of his original claim. *See* 38 C.F.R. § 3.156(c); *Jackson v. Nicholson*, 449 F.3d 1204, 1208 n.5 (Fed. Cir. 2006).

III.

For the foregoing reasons, Mr. Clements's appeal is dismissed for lack of jurisdiction.

Each party shall bear its own costs.

*DISMISSED*