NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMIE Y. LEWIS,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1121

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-3494, Judge William S. Greenberg.

---

Decided: May 16, 2019

---

JAMIE Y. LEWIS, Jennings, LA, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; Y. KEN LEE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before CHEN, HUGHES, and STOLL, *Circuit Judges.*

PER CURIAM.

Jamie Y. Lewis, proceeding pro se, appeals the determination of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the decision of the Board of Veterans' Appeals (Board) finding that the manner of his discharge barred him from receiving benefits from the Department of Veterans Affairs (VA), and that he did not satisfy the insanity exception to the bar. For the reasons below, we *dismiss* this appeal for lack of jurisdiction.

## I.

Mr. Lewis served on active duty in the U.S. Army from October 2004 until September 2007. He was discharged under "other than honorable conditions." SAppx2.[1] In 2008, Mr. Lewis was diagnosed with bipolar disorder and marijuana dependency. Following this diagnosis, Mr. Lewis filed a claim for benefits based on service connection for bipolar disorder, but the VA regional office (RO) barred him from receiving benefits due to the character of his discharge. Mr. Lewis appealed the RO's denial of his benefits, arguing that his bipolar condition went undiagnosed during his service and was the cause of his misconduct. In 2014, the Board affirmed the RO's determination, but the Veterans Court remanded for a medical opinion by the VA

---

[1]  Only one appendix was provided, by the Government, labeled "Respondent-Appellee's Supplemental Appendix." Because it was not joined by the appellant, we will refer to citations within it with the given prefix "SAppx" and not J.A.

to determine whether Mr. Lewis qualified for the insanity exception to the bar under 38 C.F.R. § 3.12(b).

Pursuant to the remand, a licensed psychologist issued a medical opinion in 2016, concluding that there was insufficient evidence to support that Mr. Lewis was insane during the relevant timeframe of his service. The psychologist reviewed Mr. Lewis's military service treatment records, military service personnel records, military enlistment examination, military separation examination, Department of Defense Form 214 Separation Documents, and civilian medical records. SAppx40. Based on this review, the psychologist noted that while the 2008 diagnosis of bipolar disorder and marijuana dependency post-dating Mr. Lewis's service appeared "justified," there was no evidence that Mr. Lewis was "insane" as defined by 38 C.F.R. § 3.354(a) at the time he committed the offenses leading to his discharge. SAppx40–41. The psychologist also noted that his assessment of Mr. Lewis's behavior accounted for "influence[] by marijuana intoxication." SAppx41.

In 2017, the Board reviewed the 2016 medical opinion, the 2008 diagnosis, and Mr. Lewis's in-service records. Based on this review, the Board determined that Mr. Lewis's "willful and persistent misconduct" during service was a bar to VA benefits, and that "evidence procurable relating to the period involved" did not sufficiently show that he was insane during the relevant timeframe. SAppx9–11. The Veterans Court affirmed, finding no clear error in the Board's decision. Mr. Lewis's appeal followed.

## II.

Our jurisdiction to review decisions by the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Absent a constitutional issue, which Mr. Lewis agrees is not in dispute here, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We may review "the validity

of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a).

A service member who is discharged for "willful and persistent misconduct" is barred from receiving VA benefits unless the VA finds that the service member was "insane" at the time of committing the offense that precipitated that discharge. 38 U.S.C. § 5303(b); 38 C.F.R. § 3.12(b). An "insane person" is defined as

> one who, while not mentally defective or constitutionally psychopathic, except when a psychosis has been engrafted upon such basic condition, exhibits, due to disease, a more or less prolonged deviation from his normal method of behavior; or who interferes with the peace of society; or who has so departed (become antisocial) from the accepted standards of the community to which by birth and education he belongs as to lack the adaptability to make further adjustment to the social customs of the community in which he resides.

38 C.F.R. § 3.354(a).

On appeal, Mr. Lewis does not appear to genuinely contest the ultimate finding of misconduct. Rather, he argues that the Veterans Court erred in affirming that he was not insane. But Mr. Lewis's arguments are less than clear. Though he alleges that the Veterans Court erred on an issue involving "validity or interpretation of a statute or regulation," he simply states "insanity" as his reasoning. Appellant's Informal Br. at 1. That one-word statement does not suffice to identify a legal interpretation employed by the Veterans Court, much less articulate a theory for why it was wrong. To the extent Mr. Lewis is disputing the underlying Board determination that he was not insane during the relevant timeframe, that dispute involves a

factual question over which we lack jurisdiction to review. 38 U.S.C. § 7292(d)(2).

Mr. Lewis also asks us to request medical records from "Merakey LA Mental Health" regarding treatment received "since [he] was discharged." Appellant's Informal Br. at 1. Mr. Lewis never raised the existence of these medical records below, and even if these medical records supported a finding of insanity during the relevant timeframe, that inquiry would turn on facts that are beyond the scope of our jurisdiction. *See* 38 U.S.C. § 7292(d)(2); *see also Clements v. Shinseki*, 414 F. App'x 283, 285 (Fed. Cir. 2011) (finding that evidence obtained by the veteran purportedly "supporting his claims that was not previously before the Board or the Veterans Court . . . turns on facts and thus is beyond the scope of our jurisdiction."). To the extent Mr. Lewis is implicitly arguing that the VA failed to satisfy its duty to assist by not retrieving these records,[2] he again fails to explain why that would constitute an error in legal interpretation, rather than an error in application of law or regulation to facts over which we lack jurisdiction.

Mr. Lewis has not articulated any argument that could provide a basis for this court's jurisdiction. We have considered Mr. Lewis's potential remaining arguments and

---

[2] There is no indication that "Merakey LA Mental Health" is a federal department or agency such that the medical records could be accessed by the VA without prior identification or authorization from Mr. Lewis. Under 38 C.F.R. § 21.1032(b), the VA's duty to obtain records "not in the custody of a Federal department or agency" generally consists of "an initial request for the records." There is no record evidence, nor any allegation from Mr. Lewis himself, that Mr. Lewis ever made such a request to the VA below.

find them unpersuasive. Accordingly, we dismiss this appeal.

## DISMISSED

### COSTS

No costs.