NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICARDO A. HAYNES,**
*Claimant-Appellant*

**v.**

**ROBERT WILKIE, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2019-1535

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 17-4657, Judge Amanda L. Meredith.

---

Decided: October 9, 2019

---

RICARDO A. HAYNES, Washington, DC, pro se.

SEAN LYNDEN KING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM; SAMANTHA ANN SYVERSON, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before NEWMAN, DYK, and CHEN, *Circuit Judges.*

PER CURIAM.

Ricardo A. Haynes, proceeding *pro se*, appeals the determination of the United States Court of Appeals for Veterans Claims (Veterans Court) affirming the decision of the Board of Veterans' Appeals (Board) denying Mr. Haynes's claim for an increased disability rating. Because we lack jurisdiction over this appeal, we *dismiss.*

I.

Mr. Haynes served on active duty in the U.S. Army from September 1988 to March 1992. In January 2003, he was granted disability compensation for post-traumatic stress disorder (PTSD) with a 50% disability rating. In April 2005, Mr. Haynes filed a claim for an increased disability rating. Though his claim was originally denied by the Veterans Affairs (VA) Regional Office (RO) in December 2005, his disability rating was eventually increased to 70% effective April 29, 2005, and to 100% effective April 19, 2012, over the course of his appeal.

Mr. Haynes sought to increase his disability rating for PTSD to 100% for the period between April 29, 2005 and April 19, 2012, but the Board denied entitlement to this increase. A 100% disability rating for mental disorders is warranted where evidence demonstrates the following:

> Total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory

> loss for names of close relatives, own occupation, or own name.

38 C.F.R. § 4.130. To evaluate entitlement to a particular disability rating, a fact-finder must make findings regarding the veteran's "occupational and social impairment" and not just focus on presence of certain symptoms. *See Vazquez-Claudio v. Shinseki*, 713 F.3d 112, 116–17 (Fed. Cir. 2013) (interpreting § 4.130 as "requir[ing] not only the presence of certain symptoms but also that those symptoms have caused occupation and social impairment" associated with the requested disability rating). Based on Mr. Haynes's lay statements, VA treatment records, and VA examination reports, the Board found that Mr. Haynes had been employed and had maintained relationships with family and friends during the relevant period between 2005 and 2012. Thus, the Board found that Mr. Haynes did not demonstrate that his PTSD, during that time, had caused "total occupational and social impairment" to warrant a 100% disability rating under § 4.130. SAppx16.[1]

The Veterans Court affirmed the Board's decision, noting, among other things, that Mr. Haynes "does not expressly dispute the Board's factual findings that there was not total occupational and social impairment." SAppx3. Mr. Haynes's appeal followed.

## II.

Our jurisdiction to review decisions by the Veterans Court is limited. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Absent a constitutional issue, which Mr. Haynes agrees is not in dispute here, we "may not review (A) a challenge to a factual determination, or (B) a

---

[1] Only one numbered appendix was provided, by the Government, labeled "Supplemental Appendix." Because it was not joined by Mr. Haynes, we will refer to citations within it with the given prefix "SAppx" and not J.A.

challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We may review "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a).

## III.

We conclude that we do not have jurisdiction to review any of Mr. Haynes's arguments on appeal, though his arguments are less than clear. First, in response to whether the Veterans Court's decision involved "the validity or interpretation of a statute or regulation," Mr. Haynes checked "No." Appellant's Informal Br. at 1. While Mr. Haynes proceeded to argue that the Veterans Court's decision was "out of compliance with federal regulations and statutes," *id.*, he failed to identify any particular law or articulate any theory of how the Veterans Court legally erred, so as to provide a basis for our jurisdiction.

Second, Mr. Haynes appears to argue that the Veterans Court erred by failing to obtain certain court martial records. *Id.* It is unclear what records he is referring to and how they are even relevant to this case. To the extent they are relevant to undermining the Board's finding that Mr. Haynes lacked "total occupational and social impairment" during the relevant time period, that inquiry would turn on facts that are beyond the scope of our jurisdiction. *See* 38 U.S.C. § 7292(d)(2); *see also Clements v. Shinseki*, 414 F. App'x 283, 285 (Fed. Cir. 2011). If Mr. Haynes is implicitly arguing that the VA failed to satisfy its duty to assist by not retrieving these records, that argument

appears to be waived.[2] And even if it is not waived, Mr. Haynes again does not explain why the Veterans Court's alleged failure to obtain certain records constitutes an error in legal interpretation such that we would have jurisdiction.

Third, Mr. Haynes asks us to hold that the "Veteran Administration Counsel reasons and evidence" are "inadmissible" because they are not in his possession.[3] Appellant's Informal Br. at 2. We are unaware of, and Mr. Haynes fails to provide, any legal basis for this request. Thus, there is no allegation of any legal error for which we have jurisdiction to review.

Finally, Mr. Haynes appears to be challenging the dismissal of a whistleblowing case in which he was involved, but that is a separate case that is completely distinct from this appeal.

Mr. Haynes has not presented any argument that could provide a basis for this court's jurisdiction. We have considered Mr. Haynes's potential remaining arguments and find them unpersuasive. Accordingly, we dismiss this appeal.

**DISMISSED**

---

[2]    The Board found that Mr. Haynes had not "raised any issues with the duty to notify or duty to assist." SAppx10.

[3]    It is unclear what information Mr. Haynes is referring to. To the extent Mr. Haynes is seeking additional information concerning filings at the Veterans Court, such information may be available from a docket search on the Veterans Court's website. To the extent Mr. Haynes wishes to review material from his claims file, he should contact the RO.